IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| MONICA JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. GLS-21-1128 |
| ) | |
| TRAVELERS PROPERTY CASUALTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Pending before this Court are the following: (1) two letters filed by Travelers Property Casualty ("the Defendant") seeking permission to file a motion to dismiss the complaint ("Dismissal Request") (ECF Nos. 9, 24); and (2) a "Motion for Leave of Court to File Amended Complaint" ("Motion for Leave"), (ECF No. 26), filed by Plaintiff, Monica Jeffries ("Plaintiff").

The issues have been fully briefed, (*see also* ECF Nos. 29, 30), and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons set forth below, the Defendant's request to dismiss the complaint is **GRANTED**, and Plaintiff's Motion for Leave is **DENIED**.

**I.  BACKGROUND**

On May 7, 2021, *Pro Se* Plaintiff Jeffries filed this action against Travelers Property Casualty. (ECF No. 1). Specifically, in a "Motion for Expedited Trial Pursuant to Relief in a Slip and Fall Liability Has Been Established," ("Complaint")[1] Plaintiff advances a single claim of negligence alleging that she and her grandson "fell in a huge pothole on defendants (sic) property,"

---

[1] For simplicity's sake, the Court will refer to this filing as the Complaint.

and that her car was damaged and she and her grandson were injured. (ECF No. 1). Plaintiff seeks actual damages in an amount that exceeds $350,000. (ECF No. 1).

On May 28, 2021, the Defendant filed its first letter, seeking leave to file a motion to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 9). On August 24, 2021, the Defendant supplemented its dismissal request, re-alleging that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[2] (ECF No. 24). On August 30, 2021, Plaintiff filed the Motion for Leave, seeking to file an amended complaint to add theories of "quantum merit and unjust enrichment and bad faith insurance claim." (ECF No. 26).

On September 1, 2021, the Court held a telephonic hearing, during which it entertained argument from the parties. (ECF Nos. 27, 28). At the conclusion of the hearing, the Court ordered Plaintiff to file an opposition to the Dismissal Request and the Defendant to file a reply. (*Id*). On September 10, 2021, Plaintiff filed an "Opposition to Dismissal for Subject Matter Jurisdiction Defendants Tentative Motion Should Be Further Denied and this Matter Should Be Able to Move Forward with a Scheduling Order and Set for Trial" ("Opposition"). (ECF No. 29). In her Opposition, Plaintiff represents that she lives in Oxon Hill, MD, and that her "injuries were obtained within the city limits on the defendants (sic) property for which Travelers is the insurance carrier." (ECF No. 29, p. 2). Thereafter, the Defendant filed a Reply. (ECF No. 30).[3]

---

[2] The Defendant also averred that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because the Complaint is being dismissed on other grounds, the Court need not reach this argument.

[3] On September 22, 2021, Plaintiff filed a surreply called "Plaintiffs Reply to Defendants Opposition to Dismissal and Permission to Hereto Amend Plaintiffs Complaint(sic)." This Court struck Plaintiff's surreply as being filed in violation of the Court's briefing order and of Local Rule 105.2 (D. Md. 2021). *See* ECF No. 32.

## II.   JURIDSICTION IN FEDERAL COURT

It is well settled that a federal court always has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  If a federal court lacks subject matter jurisdiction, then a dismissal is appropriate.  *See* Fed. R. Civ. P. 12(h)(3).

A party filing suit in federal court bears the burden of establishing the court's subject matter jurisdiction. *Hertz*, 599 U.S. at 96.  If this Court lacks subject matter jurisdiction, then, *a fortiori*, it has no basis to allow a plaintiff to file an Amended Complaint.

As is relevant here, this Court would have subject matter jurisdiction over Plaintiff's claim only under two circumstances: if her case involved a federal question, or if the action is based on diversity of citizenship.  Specifically, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and a federal court has original jurisdiction of a civil action where "[a] matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *See* 28 U.S.C. §§ 1331, 1332(a)(1).

Regarding diversity jurisdiction, there must be "complete diversity among the parties," namely that a plaintiff's citizenship must be different from a defendant's citizenship. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  In analyzing whether diversity jurisdiction exists, a natural person is deemed to be a citizen of the State in which she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998).  In addition, as is pertinent here:

> a corporation is a citizen of every State. . .by which it has been incorporated. . .except that in any direct action against the insurer of a policy or contract for liability insurance. . .to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of. . .every State and foreign state of which the insured is a citizen.

3

28 U.S.C. § 1332(c)(1)(A). Put another way, if a plaintiff pursues a "direct action" against the insurance company of an alleged wrongdoer, "the insurer assumes the citizenship of the insured." *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*, 917 F.3d 269, 272 (4th Cir. 2019); *Elliott v. Am. States Ins.*, 883 F.3d 384, 395 (4th Cir. 2018).

A "direct action" is a civil action whereby a plaintiff sues a wrongdoer's liability insurer without joining the insured in the lawsuit or without first obtaining a judgment against the insured. *Gateway*, 917 F.3d at 272. In *Gateway*, the Fourth Circuit first analyzed 28 U.S.C. § 1332(c)(1)(A) and made clear that the provision can only be interpreted to mean that a defendant insurance company's citizenship is the same as the insured's (wrongdoer's) citizenship. 917 F.3d at 272. Next, the Fourth Circuit held that if there is no diversity of citizenship between the plaintiff and the insurance company, then the court must analyze whether the plaintiff: (a) has sued only the wrongdoer's insurance company (i.e., has not also joined the wrongdoer in that lawsuit); or (b) has sued the wrongdoer's insurance company without first obtaining a judgment against the wrongdoer. In either of these scenarios, there is no diversity of citizenship between the parties to the lawsuit, and this "direct action" cannot be heard in federal court. Rather, the merits of any tort claim (e.g., negligence) must be decided in state court. *Gateway*, *supra*, 917 F.3d at 272-73.

### III. STANDARDS OF REVIEW

A defendant who challenges federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is arguing that the allegations set forth in a complaint are insufficient to confer jurisdiction upon a federal court. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, when evaluating a Rule 12(b)(1) challenge, a court must accept as true all of the factual allegations contained in a complaint, and if the complaint alleges sufficient facts to invoke subject matter jurisdiction, then the complaint will not be dismissed. *Kerns*, 585 F.3d at 192.

Federal Rule of Civil Procedure 8 establishes the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This Court must construe liberally a complaint filed by a *pro se* plaintiff to make sure that a potentially meritorious claim survives challenge. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, this Court cannot turn a blind eye to a plaintiff's failure to allege facts that give rise to its subject matter jurisdiction, nor can the Court act as an advocate for a *pro se* plaintiff. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  DISCUSSION

Construing the facts alleged in Plaintiff's Complaint and Motion for Leave in her favor, the Court finds that Plaintiff has articulated enough facts in an attempt to satisfy Fed. R. Civ. P. 8(a)(2)'s pleading requirement. (ECF Nos. 1, 26). However, in her Complaint and Motion for Leave, Plaintiff asserts that this action belongs in federal court, yet Plaintiff fails to cite to any federal statute to support her assertion. (ECF Nos. 1, 26). Instead, Plaintiff describes a negligence cause of action and cites to "Maryland Code, Insurance Article §3-1701" (*Id.*). Plaintiff also asserts that her amended complaint might address issues of "quantum merit and unjust enrichment and bad faith insurance claim." (ECF No. 26). As the Defendant correctly argues, (*See* ECF No. 24), where the Plaintiff fails to properly cite to "any federal question of law," and her lawsuit "does not involve any employee, agency, or property of the United States government," no subject matter jurisdiction exists based on a federal question. *See* 28 U.S.C. § 1331. Thus, the Court finds that Plaintiff's Complaint and Motion for Leave fail to raise a federal question sufficient to confer jurisdiction.

Turning to the diversity of citizenship question, there must be complete diversity among the parties in order to confer subject matter jurisdiction on the Court. *See* 28 U.S.C. § 1332(a). Here, Plaintiff is a citizen of Maryland and resides in Maryland. (ECF Nos. 1, 26). Regarding the alleged tortfeasor, neither her Complaint nor her Motion for Leave names the alleged wrongdoer (insured), nor mentions its citizenship. (*Id.*). In the Opposition, however, Plaintiff represents that she lives in Oxon Hill, MD, and that her "injuries were obtained within the city limits on the defendants (sic) property for which Travelers is the insurance carrier." (ECF No. 29, p. 2). Thus, from her pleadings, the Court can only infer that her injuries occurred on a property located in Maryland. In its Reply, Defendant represents that it has located a claim pertaining to Plaintiff, which relates to an incident that occurred "on September 26, 2020 at the Andrew Manor Shopping Center on Allentown Road in Suitland, Maryland." (ECF No. 30, p. 2 n. 1). In addition, the insured is a "limited liability company formed and headquartered in Maryland." (ECF Nos. 30, 30-1 through 30-4). Reviewing the aforementioned, this Court finds that the citizenship of Plaintiff and the citizenship of the alleged tortfeasor are the same: they are both citizens of Maryland. Where, as here, the Plaintiff is pursuing a "direct action" against the insurance company of an alleged wrongdoer, the Court finds that the insurer assumes the citizenship of the insured. *Gateway*, 917 F.3d at 272. Accordingly, the Defendant is also a citizen of Maryland.

The Court further finds that this is a "direct action" against the insurance company of an alleged wrongdoer. Specifically, as plead, the Complaint contemplates an action where Plaintiff **only** sues Defendant Travelers, the insurance company, without also suing the alleged wrongdoer-insured. (ECF No. 1) (emphasis supplied). Moreover, the Court finds that Plaintiff has sued the insurance company in federal court, but has failed to articulate in her Complaint that she has already obtained a judgment against the alleged wrongdoer-insured. (*Id.*). Similarly, Plaintiff's

Motion for Leave only seeks to pursue a claim against Defendant Travelers, and makes no mention of having obtained a judgment against the alleged wrongdoer-property owner. (ECF No. 26). The *Gateway* court makes clear where there is no diversity of citizenship between the parties to a lawsuit, and this is a "direct action," it cannot be heard in federal court. Rather, the merits of any tort claim (e.g., negligence) must be decided in state court. *Gateway*, 917 F.3d at 272-73. [4] Accordingly, the Court finds that Plaintiff has not met her burden to show complete diversity of citizenship among the parties. Relatedly, Plaintiff has not established in her Complaint that this Court possesses subject matter jurisdiction over this direct action. *See* 28 U.S.C. §§1332 (a), (c)(1)(A).  Finally, because this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), the Motion for Leave must also be denied.

## V. CONCLUSION

For the foregoing reasons, the Court must dismiss the Complaint, (ECF No. 1), without prejudice, for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Relatedly, the Court denies the motion for leave to file an amended complaint, (ECF No. 26), for failure to state a claim that confers subject matter jurisdiction upon this Court.

This dismissal does not prejudice Plaintiff's right to present her claims in the Maryland state courts.

A separate Order will follow.

Dated: January 25, 2022                                   _____/s/_____
                                                                              The Honorable Gina L. Simms
                                                                              United States Magistrate Judge

---

[4] If a party seeks to pursue a "direct action" against an insurer, Maryland has a "direct action" statute. *See* Md. Code Ann., Ins. § 19-102(b)(2). According to the statute, an injured party may file a claim directly against an insurer, but only after the injured party has secured a judgment against the insured, and has been unable to recover the full amount of the final judgment from the insured. *See also CX Reinsurance Comp. Ltd., et al. v. Johnson*, 252 Md. App. 393, 259 A.3d 174, 187 n. 8 (2021).