IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| MONICA JEFFRIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. GLS-21-1128 |
| | ) |
| TRAVELERS PROPERTY CASUALTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Pending before this Court is a motion filed by the Plaintiff, Monica Jeffries (the "Plaintiff"), entitled "The Above Matter Was Dismissed in Erro This Matter Should Be Remanded Back to this Court (sic)." (ECF No. 37). For simplicity's sake, this Court will refer to Plaintiff's motion as "the Motion." On March 16, 2022, this Court ordered the Defendant Travelers Property Casualty ("the Defendant") to file a response, and the Defendant complied. (ECF No. 42). The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

On May 7, 2021, *Pro Se* Plaintiff Jeffries, a Maryland resident, filed this action against Travelers Property Casualty. (ECF No. 1). An earlier memorandum opinion issued by this Court outlines the history of this case, which need not be repeated here. (ECF No. 35, pp. 1-2).

On January 25, 2022, the Court issued its memorandum opinion and order granting the Defendant's motion to dismiss the complaint filed by the Plaintiff. (ECF Nos. 35, 36). That memorandum opinion and order clearly articulate the Court's rationale for dismissing Plaintiff's

complaint, namely that Plaintiff failed to persuade this Court that it has subject matter jurisdiction over Plaintiff's claims. (*Id.*).

On March 16, 2022, Plaintiff filed the instant motion. (ECF No. 37). Although not clearly articulated, Plaintiff appears to be seeking leave to file a Complaint in order to name new defendants. As set forth more fully herein, what remains unclear is whether Plaintiff intends for Defendant Travelers to remain in this action.

In support of the motion, Plaintiff first invokes 28 U.S.C. § 1447 when asking this court to "remand" her case back to federal court from the District Court of Maryland ("state court"), where she filed suit against the Defendant and others on or about March 4, 2022. (ECF Nos. 3, p.1; 42-1). Plaintiff further states that she "seeks to open a new case before this Court," based on "negligence, quantum Merit, unjust enrichment and Bad Faith insurance claim." (ECF No. 37, pp. 2-3).

In essence, Plaintiff contends that this Court does have jurisdiction to entertain her claims, which she now seemingly asserts are not just against Defendant Travelers, but are also against the following three proposed defendants: "American Properties, LLC," "Michael Leasing Property Management Company," and "Properties at Andrews Air Force Base," the latter of which Plaintiff also refers to as "American Properties at Andrews." (ECF No. 37, pp. 2-3; ECF No. 37-1, p.1). For simplicity's sake, the Court will refer to these three proposed defendants as "the New Defendants" and to the prior defendant as "Defendant Travelers." In support of her motion, Plaintiff generally asserts that diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1). (*Id.*).

2

On April 5, 2022, the Defendant filed its response, in which Defendant advances two arguments.[1] First, that to the extent that Plaintiff still wishes to pursue a direct action against the Defendant, that action remains precluded due to this Court's lack of subject matter jurisdiction. Second, that Plaintiff's purported amended complaint does not establish that diversity of citizenship exists. Specifically, for the entity that Plaintiff calls "American Properties at Andrews," the owner of the Andrews Manor Shopping Center, where the alleged incident occurred, is actually a Maryland limited liability company called "American Properties at Andrews Manor, LLC." Thus, there is no diversity of citizenship. (ECF No. 42, pp. 1-3).

## II.  DISCUSSION

As a preliminary matter, this Court finds that Plaintiff's reliance upon 28 U.S.C. §1447(c) to be misplaced. Section 1447(c) has no application to this case. Section 1447(c) is the mechanism by which a case can be remanded from federal court **back to** state court, if a federal court lacks subject matter jurisdiction (emphasis added). Put another way, if a complaint is originally filed in state court, and then the case is removed to federal court, Section 1447(c) comes into play if a party requests that the case go back to state court. *See* 28 U.S.C. §1447(c); *see generally Marchese v. J.P. Morgan Chase Bank*, 917 F. Supp. 2d 452, 459 (D. Md. 2013). Accordingly, Plaintiff's motion for remand is DENIED.

Next, to the extent that Plaintiff seeks reconsideration of this Court's earlier decision finding lack of subject matter jurisdiction in her "direct action" case against Defendant Travelers, that request is denied. Any motion to alter or amend this court's January 25, 2022 judgment pursuant to Fed. R. Civ. P. 59(e) is untimely, having been filed 22 days after the deadline for filing a motion to amend or alter the judgment. *See* Fed. R. Civ. P. 59(e)(a motion to amend must be

---

[1] The Court will construe the response as a request to file a motion to dismiss.

filed no later than 28 days after entry of judgment). Accordingly, Plaintiff's motion for reconsideration is DENIED.

Alternatively, Plaintiff's proposed Second Amended Complaint[2] against Defendant Travelers remains deficient. Where, as here, Plaintiff fails to establish that she has obtained a judgment against the wrongdoer, no subject matter jurisdiction exists against Defendant Travelers. (*See* ECF No. 35). Accordingly, any request to file a Second Amended Complaint involving Defendant Travelers is DENIED.

Assuming, arguendo, that Plaintiff seeks to file a Complaint only against the New Defendants, this Court's analysis begins with the civil pleading rules. Specifically, pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a) is to provide a defendant with "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

It is true that one court is this District has held that "federal pleading rules 'do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.'" *Lewis-Davis v. Baltimore County Public Schools Infants & Toddlers Program, et al.*, Civ. No. ELJ 20-0423, 2021 WL 1720235, at *7 (Apr. 30, 2021)(quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014)). And, this Court is aware that Plaintiff proceeds here *pro se*, so this Court will liberally construe her proposed complaint against the New Defendants and "[hold it] to less stringent standards than [pleadings] filed by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the law is clear that a *pro se* Plaintiff must still plead a "plausible claim." *Bey v. Shapiro Brown & Alt., LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x

---

[2] Plaintiff's request to file a first amended complaint against Defendant Travelers was denied by this court on January 25, 2022. (ECF No. 36).

135 (4th Cir. 2014). In addition, this Court cannot act as advocate for a *pro se* Plaintiff, advancing arguments on her behalf. *See generally Brock v. Carroll,* 107 F.3d. 241, 242-43 (4th Cir. 1996).

As this Court has previously held, a federal court has original jurisdiction of a civil action where "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *See* 28 U.S.C. § § 1331, 1332(a)(1). In addition, diversity of citizenship has consistently been interpreted to mean **complete diversity** of citizenship between all plaintiffs and all defendants. *See, e.g.*, *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999) (applying the requirement of "complete diversity"); *Banca Del Sempione v. Provident Bank of Maryland*, 85 F.3d 615 (4th Cir. 1996)("Since *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), courts have interpreted section 1332 to require complete diversity between all parties."); *Dewhurst v. Telenor Invest AS*, 83 F. Supp. 2d 577, 595 (D. Md. 2000)("This statute requires **complete diversity** among parties so that federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides.")(emphasis supplied). Thus, there must be complete diversity of citizenship between herself and all of the New Defendants in order for this case to proceed. *Id.*

Attached to Plaintiff's motion/proposed Complaint are what appear to be excerpts from the Internet:[3] (a) a page about an entity called "American Properties, LLC," which appears to be located in South Carolina; (b) a page about "Andrews Manor Shopping Center," which is located on Andrews Air Force Base here in Maryland; and (c) an incomprehensible, garbled page about

---

[3] Plaintiff's proposed Complaint against the three New Defendants does not contain any paragraphs that articulate any details about them. Rather, Plaintiff attaches several pages, which she apparently expects this Court to read into the proposed Complaint. (ECF No. 37-2, pp. 2-4). Because Plaintiff is proceeding *pro se*, the Court will so construe these documents as if they were part of the Complaint. As set forth above, however, even with this liberal reading, Plaintiff's request must be denied.

"Michaels Management-Affordable, LLC," which is located in Camden, New Jersey. (ECF No. 37-2, pp. 2-4).

In the instant case, Plaintiff is a resident of Maryland. If the Court liberally construes Plaintiff's proposed Complaint, American Properties, LLC appears to be located in South Carolina. However, regarding, "Michaels Management-Affordable, LLC," Plaintiff provides no information explaining its identity, and how it is purportedly related to "Michael Leasing Property Management Company." Thus, the Court is unable to determine the citizenship of this proposed second defendant. With respect to "American Properties at Andrews," Plaintiff provides information about a shopping center located at Andrews Air Force Base, which is in Maryland. (ECF NO. 37-2, p. 3). Defendant Travelers counters that the owner of the Andrews Manor Shopping Center, where the alleged incident occurred, is actually a Maryland limited liability company called "American Properties at Andrews Manor, LLC." (ECF Nos. 42, p.2; 42-3, pp. 1-6). The Court finds that proposed defendant, American Properties at Andrews Manor, LLC, has the same citizenship as the Plaintiff. Accordingly, complete diversity between the parties does not exist, and this Court is deprived of jurisdiction. *See Mayes, supra*, at *461; Dewhurst, supra*, at 595.

Fed. R. Civ. P. 12(h)(3) makes clear that the Court is required to dismiss this action. Specifically, Rule 12(h)(3) provides: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added). Without jurisdiction, this Court is simply not competent to entertain Plaintiffs' current action. Accordingly, Plaintiff's motion to file a complaint against the New Defendants is DENIED. Alternatively, the Complaint is DISMISSED for lack of subject matter jurisdiction.

### III.   CONCLUSION

For the abovementioned reasons, the Court **DENIES** Plaintiff's Motion.  (ECF No. 37).

The Clerk of the Court is again directed to close the case.

Dated: April 19, 2022                                           _____/s/_____
                                                                                  The Honorable Gina L. Simms
                                                                                  United States Magistrate Judge